ALTENBERND, Judge,
Concurring.
Without question it would be a very good idea for these two men to leave one another alone. It helps to understand that, at the time of this hearing, Mr. Jones was living with Mr. Jackson’s “soon-to-be ex-wife.” Their disagreements seem to have arisen primarily when Mr. Jackson was trying to talk with his wife on the telephone about their child.
The two men’s versions of events are diametrically opposed, and it appears that the woman in the middle does not want to take sides. The order on appeal is a form order in which the trial court grants the injunction without findings of fact. The trial judge made no findings of fact on the record, although it is obvious that he believed Mr. Jackson and did not believe Mr. Jones. Overall, the testimony suggests that Mr. Jackson is tired of Mr. Jones’ profanity and the idle verbal threats, but he does not actually fear that Mr. Jones is planning to act on the threats.
Our standard of review in this case is a little unusual because we are assessing whether there was competent, substantial evidence to support a finding of fact on an issue involving both “reasonableness” and “substantial” distress. Especially in the context of jury trials, we are trained that issues of reasonableness are generally a matter for the jury to decide. However, after several readings of the record, I am convinced that the evidence is insufficient to support a finding that Mr. Jones created circumstances that would cause a reasonable person to suffer substantial emo *1205 tional distress. I do not believe that we are reweighing the evidence.
I fully appreciate why trial courts use a standardized form when entering the ap-pealable order in these cases. I can also appreciate why a trial judge would hesitate to make findings on the record when those findings might simply aggravate a party with anger management issues. Nevertheless, this case is an example of an injunction that would have been easier for the appellate court to review if there had been findings of fact.
It might occasionally be helpful if the circuit courts had the power to enter an order requiring adults to act like grownups. But a permanent injunction for protection against repeat violence cannot be used simply to compel civility and common decency.